Hemphill, O. J.
This was an application for a league and labor of land, and was brought under the first section of the act, supplementary to an act to detect fraudulent land certificates, etc. Laws 5th Congress, p. 113.
The facts are very imperfectly set forth. They are confused and somewhat contradictory, though susceptible of being reconciled by considering the whole statement together. The law requires two witnesses, and we may conjecture there was at least that number, as the witnesses are spoken of in the plural, and not as confined to a single individual.
After establishing a claim of assignments down to the applicant, it was proven that the original grantee, Beronica Benites, was a resident of the county of Bexar at the date of the declaration of independence, was married and had children living at the time the certificate was obtained, was living with another man as her reputed husband, and had been living with him as his wife, according to the declaration of the witnesses, before the declaration of independence, her first husband being dead. A certificate for a league and labor had been granted to this reputed husband, which was also rejected by said traveling board, and which no action had been brought to establish. The verdict of the jury was in favor of the republic.
The most natural and rational deductions from the above statement are, that this woman had children by her deceased husband, who were *(376) living with her at the declaration of independence, and that she continued to reside in the county of Bexar, until the certificate was obtained from the board of land commissioners, but in the state of cohabitation with an individual to whom she had not been legally married.
If these be the grounds on which the claim is based, as founded on the facts, and the presumptions from those facts as stated, we are of opinion that the judgment of the court below is erroneous. The mind can entertain no, or at least but very slight, doubt, that the above is the true condition in which the claim is presented on the record. These being the facts, the application should have been sustained. The mere fact of cohabitation or concubinage with a reputed husband would not deprive the mother of her status as the head of the family, springing from union between herself and the deceased husband.
What may be the legal effects of a state of concubinage between a farm sole and an unmarried man, under the laws of Spain, it is not necessary to decide, until a case more directly involving the rights of the parties to such an association and of their offspring is presented.
This claim is based upon a family, constituted by the mother and her children, born in lawful wedlock, and so far as the reputed husband may be concerned, is without objection.
No question has been raised as to the right of the heirs, or of an-administrator representing the rights of both the creditors and, temporarily; those of the distributees of the deceased husband, and the claim is decided simply on the facts as presented in the records. They show the existence of a family, and the natural head of that family claims the bounty distributed by government to all persons similai'ly circumstanced.
No well founded objection to the claim is perceived, and it is therefore ordered, adjudged and decreed that the judgment of the.court below be reversed, and that the proper judgment be entered up in this court, and certified to the court below for observance.